UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-96-RJC

| | | |
|---|---|---|
| ADAM STEVEN HOFMANN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ANDREW SAUL, | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2),[1] and on a Motion for Admission *Pro Hac Vice* (Doc. No. 3).

In this matter, Plaintiff is seeking review of a final determination denying an application for a period of disability and disability insurance benefits under the Social Security Act. See (Doc. No. 1).

The Court has considered Plaintiff's Application, which shows that shows that his average monthly income for the last 12 months has been $3,500, consisting entirely of disability benefits, and he expects the same income next month. (Doc. No. 2 at 1-2). Plaintiff reports as assets $10 in cash, $10 in a bank account, a home worth $160,000, and a motor vehicle worth $7,000. (Doc. No. 2 at 2-3). Three minor children rely on the Plaintiff and his spouse for support. (Doc. No. 2 at 3). Plaintiff's monthly expenses total $3,493, including $900 for housing, $570 for utilities, $700 for food, $463 in auto payments, and $630 in other installment payments. (Doc. No. 2 at 4-5).

---

[1] Plaintiff's Application applies only to the filing and service fees, as Plaintiff is represented by counsel.

1

Plaintiff does not expect any major changes in his monthly income, assets, or liabilities during the next 12 months. (Doc. No. 2 at 5). Plaintiff does not expect to incur any costs or expenses in conjunction with this action. (Id.). Plaintiff further explains the inability to pay the costs of these proceedings as follows: "The only income I have is my VA disability; my wife does not have any income. We usually ask family to help pay for some of our expenses. We have no extra money to pay the filing fee." (Id.).

The Court is satisfied that Plaintiff does not have sufficient funds with which to pay the filing fee. Therefore, Plaintiff's Application will be granted.

Also pending is a Motion for Admission *Pro Hac Vice* (Doc. No. 3). This Court's Local Civil Rules provide for *pro hac vice* admission in a particular case by an attorney who is a member in good standing in the Bar of a United States District Court, the Bar of the highest court of any state or the District of Columbia. LCvR 83.1(B)(1). Such a candidate for admission must associate local counsel and be accompanied by local counsel at all hearings unless otherwise permitted by the Court. Id. Special admissions are discretionary. See LCvR 83.1(C)(1).

The Motion for Admission *Pro Hac Vice* (Doc. No. 3), was filed by Charles F. Hall, IV, a member in good standing of this Court, on behalf of David F. Chermol, who is a member in good standing of the Bar of the Commonwealth of Pennsylvania and is admitted to practice before the Supreme Court of Pennsylvania, the U.S. Supreme Court, the First, Third, Fourth, Sixth, Seventh, and Ninth Circuit Courts of Appeals, and numerous federal district courts. (Doc. No. 3 at 1, 4). Movant has filed the applicable fee. See (Doc. No. 3); LCvR 83.1 (C)(2)(c).

The Court will grant the Motion for Leave to Appear *Pro Hac Vice*. Counsel is admonished to become fully familiar with the rules and procedures of this Court. Should it appear to the Court that counsel is not acting in compliance with the rules and procedures of this Court, the Court may

revoke the special admission.

      **IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2), is **GRANTED**.

(2) The Motion for Admission *Pro Hac Vice* (Doc. No. 3), is **GRANTED**.

(3) Mr. Chermol is instructed to establish an ECF account with the Clerk of Court pursuant to Local Civil Rule 83.1(D).

(4) The Clerk of Court is respectfully instructed to add Mr. Chermol to the electronic docket as *pro hac vice* counsel.

(5) The Clerk of Court is directed to notify the United States Marshal who, pursuant to FED. R. CIV. P. 4(c)(3), shall serve process upon Defendant, in accordance with FED. R. CIV. P. 4(i)(1) and (2), and/or as directed by Plaintiff through Plaintiff's counsel. All costs of service shall be advanced by the United States. Any recovery in this action will be subject to payment of fees and costs, including service of process fees and the $402.00 filing fee.

    Signed: March 26, 2021

Robert J. Conrad, Jr.
United States District Judge